FILED
2020 Sep-23 AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUE MCCRIMMON, by and through LEANN NEWTON, daughter and next friend, and DANIEL MCCRIMMON,

Plaintiffs,

v.

Case No. ______________________

DEPUY, INC.; DEPUY INTERNATIONAL LIMITED; DEPUY SYNTHES PRODUCTS, LLC; DEPUY ORTHPAEDICS, INC.; JOHNSON & JOHNSON; JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON INTERNATIONAL; ANDREW COOK; and MIKE LILLIE,

Defendants.

**DEFENDANTS' NOTICE OF REMOVAL**

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, or insufficient service of process, Defendants DePuy Orthopaedics, Inc., DePuy, Inc., and DePuy Synthes Products, LLC, (collectively "Removing Defendants"), by and through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of this action from the Circuit Court of Jefferson County, Alabama, where it is currently pending, to this Court and respectfully state as follows:

**INTRODUCTION**

1. This is one of numerous lawsuits that have been filed in federal and state courts around the country concerning the ASR™ XL Acetabular System and the ASR™ Hip Resurfacing System® ("ASR™ Hip Systems"), for which DePuy Orthopaedics, Inc. is the responsible U.S.

entity. On August 24, 2010, DePuy initiated a voluntary recall of the "ASR™ Hip Systems." Within days, lawsuits were filed and on August 31, 2010, plaintiff in the lawsuit entitled *Brigham v. DePuy Orthopaedics*, *Inc.*, *et al.* (N.D. Cal., Case No. 3:10-cv-03886-EMC) filed a motion for the creation of an MDL which DePuy Orthopaedics, Inc. did not oppose. On December 3, 2010, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2197, *In re: DePuy Orthopaedics Inc.*, ASR Hip Implant Products Liability Litigation, 2010 WL 4940348, at *1 (J.P.M.L. 2010), before Judge David A. Katz of the United States District Court for the Northern District of Ohio. Thousands of actions have now been transferred to or direct filed in the MDL court. The Honorable Jeffrey J. Helmick is currently presiding over these actions. As required under the JPML rules, Removing Defendants will soon provide the MDL Panel with notice of this action and seek transfer of this action to MDL No. 2197.

2. On August 21, 2020, Plaintiffs Sue McCrimmon, by and through LeAnn Newton, daughter and next friend, and Daniel McCrimmon ("Plaintiffs"), commenced this action by filing a Complaint in the Circuit Court of Jefferson County, Alabama, bearing Case No. 01-CV-902974.00, against the Removing Defendants. (*See* Complaint, attached as Exhibit 1.)

3. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because 1) Removing Defendants have satisfied the procedural requirements for removal, and 2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

**GROUNDS FOR REMOVAL**

4. DePuy Othopaedics, Inc., DePuy Inc. and DePuy Synthes Product, Inc. were served with the Complaint on August 28, 2020. (*See* Summons, attached as Exhibit 2). Accordingly, this Notice of Removal is timely as it is being filed within 30 days of service of the

initial pleadings as required by 28 U.S.C. § 1446(b). Defendants DePuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International have not yet been served in this matter.

5. Pursuant to 28 U.S.C. § 116(c), the United States District Court for the Northern District of Alabama, is the federal judicial district encompassing the Circuit Court of Jefferson County, Alabama, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 144l(a).

6. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the properly joined parties based on the allegations in the complaint, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' action allegedly arises out of DePuy Orthpaedic, Inc.'s the sale of the ASR™ XL. (*See* Ex. 1.) The caption of Plaintiffs' complaint names two individuals as defendants, Andrew Cook and Mike Lillie ("Fraudulently Joined Defendants"), whose citizenship has not been alleged and as to whom the complaint fails to allege any specific fact or basis for liability against them.[1] (*See*

---

[1] Mike Lillie's name appears nowhere in the allegations of the complaint; thus, his joinder is patently improper. Andrew Cook's name appears in several paragraphs in which he is lumped in with the corporate defendants. For example, the Complaint alleges: "*Between 2006 and 2020, and for some time prior to and thereafter, the Defendants Depuy, Inc.; Depuy International Limited; Depuy Synthcs Products, LLC; Depuy Orthopaedics, Inc.; Johnson & Johnson; Johnson & Johnson Services, Inc.; Johnson & Johnson International; Andrew Cook; and/or Fictitious Defendants I, J, K, L, M, N or 0 listed and described in the caption hereof, were engaged in the business of formulating, designing, developing, manufacturing, producing, marketing, selling and/or distributing the HIP IMPLANT DEVICES, PRODUCTS OR COMPONENTS (hereinafter referred to as the "device/equipment/system") and/or its component parts throughout the United States, including the State of Alabama, for use by certain members of the general public.*" (*See* Ex.1, ¶7). This lumping together of defendants without specifically stating the conduct of defendant Andrew Cook that gives rise to a cognizable cause of action against him is a form of "shotgun" pleading, which is disfavored and properly disregarded. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 (11th Cir. 2020) ("Shotgun pleadings are unacceptable for many reasons, but this case illustrates an important one: they result in unintelligible pleadings that violate the basic specificity requirements of Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).") Here, plaintiffs' imprecise and "shotgun" allegations are a transparent effort to defeat the removing defendants' right to a federal forum.

*id.*) Even if these individuals are Alabama residents, Alabama law bars claims against non-manufacturing defendants, and therefore the citizenship of the Fraudulently Joined Defendants must be disregarded and diversity jurisdiction exists.

7. As required by 28 U.S.C. § 1446(a) and Rule 81.2 of the Local Civil Rules for the United States District Court for the Northern District of Alabama, Removing Defendants attach a copy of all process, pleadings, and orders served upon them, including summonses and petitions as follows: Plaintiff's Complaint, attached hereto as Exhibit 1; and, a true and correct copy of Summons served on the Removing Defendants, attached hereto as Exhibit 2. No further proceedings have occurred in the Circuit Court of Jefferson County, Alabama action. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Circuit Court of Jefferson County, Alabama. A copy of the written Notice of Filing that shall filed with the Circuit Court of Jefferson County, Alabama is attached hereto as Exhibit 3.

**A. <u>There is Complete Diversity of Citizenship between the Parties.</u>**

8. "[D]iversity jurisdiction is determined at the time of the filing of the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Building Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

9. Plaintiffs' complaint does not allege the citizenship of any of the Plaintiffs or Defendants in this matter. (*See* Ex. 1.) For purposes of diversity jurisdiction, assuming Plaintiffs are Alabama citizens, there is complete diversity among the properly joined defendants.

10. Defendant DePuy Orthopaedics, Inc. is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Indiana with their principal places of business in Warsaw, Indiana, and therefore is a citizen of Indiana for the purposes of determining diversity under 28 U.S.C. § 1332(c)(l).

11. Defendant DePuy International Limited is, and was at the time Plaintiffs commenced this action, a United Kingdom private limited company with its principal place of business in Leeds, West Yorkshire, United Kingdom, and therefore is a citizen of the United Kingdom for purposes of determining diversity under 28 U.S.C. § 1332(c)(l).

12. Defendant DePuy Synthes Products, LLC, now known as DePuy Synthes Products, Inc., is and was at the time Plaintiffs commenced this civil action a Delaware corporation.

13. Defendants Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International are, and were at the time Plaintiff commenced this action, corporations organized under the laws of the State of New Jersey with their principal places of business in New Brunswick, New Jersey, and therefore are citizens of New Jersey for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

14. The only other defendants listed in the caption of this matter are individuals named Andrew Cook and Mike Lillie whose citizenship is not alleged but even if they are Alabama residents, their citizenship should be disregarded for purposes of diversity jurisdiction because they have been fraudulently joined. The complaint does not allege any fact that would support a claim against either of them and Alabama law precludes claims against non-manufacturing defendants.

**i. The Citizenship of Defendants Andrew Cook and Mike Lillie Must be Ignored Because Plaintiffs Fraudulently Joined These Defendants for Purposes of Attempting to Defeat Diversity Jurisdiction.**

15. Even if Defendants Andrew Cook and Mike Lillie are Alabama citizens, they have been fraudulently joined for the following reasons.

**a. Plaintiffs Have Not Alleged Any Claims Against, Nor Asserted Any Factual Allegations Regarding, the Fraudulently Joined Defendants.**

16. First, Plaintiffs' complaint does assert any fact or viable claims against Defendant Mike Lillie, whose name appears in the caption but not in the allegations of the complaint itself.

17. Similarly, Plaintiffs' complaint does not allege any facts relevant to Defendant Andrew Cook. (*See* Ex. 1.) The complaint mentions his name but does not otherwise allege who he is or any conduct that gives rise to the alleged product liability claims. (*See id*.)

18. As the Supreme Court emphasized in *Iqbal* and *Twombly*: "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted; "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

19. Even if Mr. Lillie and Mr. Cook are Alabama citizens, the Complaint fails to state a claim against them, and therefore they have been fraudulently joined. Removal of this case on diversity grounds remains proper because the citizenship of these defendants fraudulently joined defendants must be ignored. *See, e.g., Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."); *Brooks v. Paulk & Cope, Inc*., 176

F.Supp.2d 1270, 1273 (M.D. Ala. 2001) ("The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a 'fraudulent joinder'" and "Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity").

20. "The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Generally, "[t]hese determinations should be made based upon the plaintiff's pleadings at the time of removal." *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

21. Where a plaintiff has not asserted in a complaint even any facts to support an "arguable" or "colorable" claim against a defendant, a court may find such defendant was fraudulently joined. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998); *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (there must be at least "a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants" in order for a federal court to find that joinder was proper); *see Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011).

22. Without factual allegations to support Plaintiffs' claims, there is no possibility that Plaintiffs have asserted colorable causes of action against the Fraudulently Joined Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); *Williamson v. Travelport*, LP, 953 F.3d 1278, 1288 (11th Cir. 2020) (in order to state a claim upon relief can be granted,

"a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face"); *Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 541 (N.D. Ala. 2011) ("a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," and must set forth "factual content" to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (internal quotations omitted)).

23. Accordingly, because Plaintiffs' complaint is devoid of facts regarding the Fraudulently Joined Defendants, there is no possibility of recovery based on the allegations of the complaint as pled. As a result, their citizenship must be ignored.

**b. Alabama Law Bars Claims against Non-Manufacturing <u>Defendants.</u>**

24. Alabama law bars any claim against non-manufacturing defendants, including individual or entities that might have been in the chain of distribution; therefore even if such allegations were made, Mr. Lillie and Mr. Cook have been fraudulently joined.

25. In 2011, the Alabama Legislature enacted Alabama Code Section 6-5-521, which bars product liability actions against product distributors and sellers between manufacturers and the end buyers or consumers of their products. *See, e.g., Pierce v. Amazon.com Servs., Inc.*, 2020 WL 374836, at *2 (N.D. Ala. Jan. 23, 2020) (dismissing claims against distributor of tree stand); *Cooper v. Nissan Motor Co. LTD.*, 2018 WL 3109612, at *3 (N.D. Ala. Jun 25, 2018) (where distributor, a car dealership, was "mere conduit" for vehicle and plaintiff "provided no argument or evidence to the contrary," the court held plaintiff's claims against distributor were precluded by Section 6-5-521, distributor was fraudulently joined in the case, and the court had diversity jurisdiction over the matter); *McCuistian v. LG Elecs. U.S.A., Inc.*, 2016 WL 8729835, at *8 (M.D. Ala. Dec. 2, 2016) (holding claims against distributors and

retailers of refrigerator were barred by Section 6-5-521 and granting summary judgment in favor of such defendants); *Gardner v. Aloha Ins. Servs.*, 2013 WL 839884, at *8 (N.D. Ala. Mar. 4, 2013) (holding claims against distributor of fan were barred by Section 6-5-521 and granting summary judgment in favor of distributor).

26. Alabama Code Section 6-5-521 defines "product liability action" as follows:

> A "product liability action" means any action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (1) negligence, (2) innocent or negligent misrepresentation, (3) the manufacturer's liability doctrine, (4) the Alabama extended manufacturer's liability doctrine as it exists or is hereafter construed or modified, (5) breach of any implied warranty, or (6) breach of any oral express warranty and no other. A product liability action does not include an action for contribution or indemnity.

All of Plaintiffs' claims asserted in the Complaint fall within this category. (*See* Ex. 1.); *See* Section 6-5-521.

27. Section 6-5-521 provides:

> No product liability action may be asserted or may be provided a claim for relief against any distributor, wholesaler, dealer, retailer, or seller of a product, or against an individual or business entity using a product in the production or delivery of its products or services (collectively referred to as the distributor) unless any of the following apply:
>
> (1) The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.
>
> (2) The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.
>
> (3) The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.

> (4) It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

28. Plaintiffs' complaint does not allege any facts regarding: the Fraudulently Joined Defendants as alleged manufacturers or assemblers of the ASR™ XL; that the Fraudulently Joined Defendants exercised any, let alone substantial, control over any aspect of the ASR™ XL ; or, that the Fraudulently Joined Defendants altered or modified the ASR™ XL in some way. (*See* Ex. 1.) No claim has been asserted against the Fraudulently Joined Defendants. *See Pierce*, 2020 WL 374836, at *2; *Cooper*, 2018 WL 3109612, at *3; *McCuistian*, 2016 WL 8729835, at *8; *Gardner*, 2013 WL 839884, at *8.

29. Accordingly, because there is no possibility of recovery against Mr. Cook and Mr. Lillie based on the allegations of the complaint, their citizenship should be disregarded. There is, consequently, complete diversity of citizenship between Plaintiffs and the Removing Defendants. *See Brawley v. Northwestern Mutual Life Ins. Co.*, 288 F.Supp.3d 1277, 1287-95 (N.D. Ala. 2017) (finding defendant was fraudulently joined where plaintiff's claims against defendant were barred under Alabama law); *Brown v. State Farm Fire & Cas. Co., et al.*, 2017 WL 492992, at *6-11 (N.D. Ala. Feb. 7, 2017) (holding defendant was fraudulently joined because plaintiff had not stated "a viable claim under Alabama law" against him, and therefore disregarding the defendant's citizenship for purposes of the diversity jurisdiction analysis).

**B. <u>The Amount-In-Controversy Requirement Is Satisfied.</u>**

30. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

31. Plaintiffs allege that Plaintiff Sue McCrimmon underwent an ASR™ XL hip implant surgery at some point between 2006 and 2009. (*See* Ex. 1 at ¶ 1.) Plaintiffs allege she sustained injury thereafter between August 2018 and August 2020. (*Id.* at ¶ 2.)

32. Plaintiffs now seek to recover compensatory damages and punitive damages in excess of $5 million. (*Id.* at ¶ 34.) Accordingly, the amount in controversy requirement is satisfied in this case. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.")

33. Even where a plaintiff does not allege a specific amount in controversy, as Plaintiffs did here, the jurisdictional amount may facially apparent from the allegations in the Complaint in a case such as this. *See*, *e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement"). In addition, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

34. Accordingly, it is clear in this case that the amount in controversy exceeds $75,000, exclusive of interest and costs.

35. Removing Defendants have satisfied all other requirements for removal and reserve the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Removing Defendants request the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Removing Defendants gives notice that the matter bearing case number 20-CI-00170 in the Circuit Court of Jefferson County, Alabama, is removed to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

s/Joseph P. H. Babington
JOSEPH P. H. BABINGTON (BABIJ7938)
PHILIP D. MAHONEY (MAHOP8016)
*Attorneys for Defendants DePuy Orthopaedics, Inc., DePuy, Inc., and DePuy Synthes Products, LLC*

OF COUNSEL:

HELMSING, LEACH, HERLONG,
NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 Telephone
(251) 432-0633 Facsimile
Email: jpb@helmsinglaw.com
pdm@helmsinglaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon counsel of record by United States Mail to:

Frank O. Hanson, Jr.
Marshall E. Smith, III
222 20th Street North, Suite 800
Birmingham, AL 35203
fohatty@bellsouth.net
*Attorneys for Plaintiff*

This 23rd day of September, 2020.

s/Joseph P. H. Babington
*Of Counsel*